IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JENNIFER A. CARTE,

      Plaintiff,                        Case No. 2:09-cv-178
                                           JUDGE GREGORY L. FROST
    v.                                 Magistrate Judge Mark R. Abel

LOFT PAINTING CO., INC., et al.,

      Defendants.

### ORDER

This matter is before the Court for consideration of the following filings:

(1) Plaintiff's motion *in limine* to preclude Jason Henthorn from testifying at trial (ECF No. 208);

(2) Defendant's motion *in limine* to preclude Plaintiff from utilizing evidence not produced during discovery (ECF No. 209) and Defendant's memorandum in opposition (ECF No. 213);

(3) Defendant's motion *in limine* to preclude Roger Griffith from testifying at trial (ECF No. 210) and Plaintiff's response (ECF No. 212);

(4) Defendant's  motion *in limine* to preclude Jack W. Sparks from testifying at trial (ECF No. 214) and Plaintiff's memorandum in opposition (ECF No. 215).

Following a discussion of a threshold issue regarding the motions briefing, this Court shall address each motion in turn.

### I.  Violations of Court Orders

On April 14, 2009, this Court filed a Notice of Final Pretrial and Trial.  (ECF No. 69.)

That document provided that, in addition to the rules and procedures described in that notice, the parties should refer to "[a]dditional rules and trial procedures" available "from the Court's website at **www.ohsd.uscourts.gov**." (ECF No. 69, at 4.) The undersigned judicial officer has a standing order posted on that on that website that provides that "[m]otions in limine . . . shall be filed three weeks prior to the final pretrial conference. Responses to motions in limine shall be filed two weeks prior to the final pretrial conference" Trial Procedure for Civil Jury Trial, at 6. The final pretrial conference date in this case is May 25, 2011. (ECF No. 199, at 11.)

Despite the consequent motion *in limine* filing deadline that arose from the final pretrial conference date, Plaintiff filed a motion *in limine* on May 17, 2011. (ECF No. 208.) Defendant then filed two motions *in limine* on May 19, 2011 (ECF Nos. 209, 210), and filed a third motion *in limine* on May 20, 2011 (ECF No. 214). The parties' late motions *in limine* and their related late responses violate the Court's standing order.

In such instances of inexcusably sloppy or poor practice, this Court has considered action such as striking the untimely or impermissible filings or even sanctioning counsel. *See Hinkle v. Norfolk S. Ry. Co.*, No. 2:05-cv-574, 2007 WL 496365, at *1 (S.D. Ohio Feb. 12, 2007). It is this Court's preference and general practice to file its motion *in limine* orders the week prior to the final pretrial conference. The parties' conduct has frustrated this goal by disregarding the Court's standing order. Such performance by counsel does not bode well for a smooth trial. Rather than strike all the offending documents or sanction all of the counsel involved, however, this Court will do two things. First, the Court accepts for consideration the parties' untimely filings. (ECF Nos. 208, 209, 210, 212, 213, 214, 215.) Second, the Court "admonishes . . . counsel for [their] abject failure to comply with all applicable orders of this

Court and advises counsel to meet [their] responsibilities in the future." *Hinkle*, 2007 WL 496365, at *1.

## II.  Motions *in limine*

### A.  Standard Involved

A motion *in limine* is a pre-trial mechanism by which this Court can give the parties advance notice of the evidence upon which they may or may not rely to prove their theories of the case at trial.  *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).  Any ruling on a motion *in limine*, however, is "no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court, and the district court may change its ruling where sufficient facts have developed that warrant the change." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).  Therefore, this Court will entertain objections on individual proffers of evidence as they arise at trial, even though the proffered evidence falls within the scope of a denied motion *in limine*.  *See id.*; *see also United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (citing *Luce*, 469 U.S. at 41)).

### B.  Analysis

#### 1.  Jason Henthorn

In her sole motion *in limine*, Plaintiff seeks to preclude Jason Henthorn from testifying at trial. (ECF No. 208.)  Plaintiff asserts as grounds for this motion that Defendant failed to provide an expert report from Henthorn.  Federal Rule of Civil procedure 26(a)(2)(A) requires the disclosure of a party's expert witness.  Rule 26(a)(2)(B) mandates that the disclosing party contemporaneously disclose an expert written report, which must contain a complete statement of the expert's opinions, the basis for such opinions, the information relied upon in forming the

3

opinions, any summarizing or supporting exhibits, the expert's qualifications, the expert's publications from the preceding ten years, a list of all cases in which the witness testified as an expert in the preceding four years, and the expert's compensation. Rule 26(a)(2)(D) sets forth default deadlines for these disclosures, but also specifically provides for stipulated changes or changes by the Court to these deadlines. Finally, Rule 26(a)(2)(E) imposes an ongoing duty to supplement the expert report and opinions.

Defendant disclosed Henthorn but then failed to provide an expert report. The Court therefore **GRANTS** the motion *in limine* and prohibits Henthorn from testifying at trial. (ECF NO. 208.) The Court declines, however, to impose the additional requested sanctions of informing the jury of the failure to provide an expert report and other additional sanctions such as default judgment.

### 2. *Evidence not produced during discovery*

In its first motion *in limine*, Defendant asks the Court to preclude Plaintiff from utilizing at trial evidence not produced during discovery. (ECF No. 209.) Defendant does not identify any specific evidence but appears to be engaging in a hypothetical discussion targeting only a possibility of such action by Plaintiff at trial. This is tantamount to Defendant requesting an order instructing Plaintiff to follow the law. The Court therefore **DENIES** the motion. (ECF No. 209.) The parties are of course bound by all applicable procedural and evidentiary rules and of course remain free to present arguments related to those rules should the perceived need for doing so arise during trial.

### 3. *Roger Griffith*

Defendant seeks in its second motion *in limine* to preclude Roger Griffith from testifying

4

at trial. (ECF No. 210.) In support of this motion, Defendant asserts that Plaintiff failed to provide a Rule 26(a)(2)(B) written report. In response, Plaintiff concedes that the Court should exclude Griffith "for the same reasons . . . Jason Henthorn . . . should be excluded." (ECF No. 212, at 1.) The Court **GRANTS** the motion *in limine* and prohibits Griffith from testifying at trial. (ECF NO. 210.)

### 4. Jack W. Sparks

In Defendant's final motion *in limine*, Defendant seeks to preclude Jack W. Sparks from testifying at trial. (ECF No. 214.) The dismissed Vector Technologies, Ltd. had previously disclosed Sparks as an expert witness on its behalf and had produced Sparks' expert report. Plaintiff did not designate Sparks as an expert on her behalf until September 29, 2010, and did not produce either a report from him or a summary of his anticipated testimony. Plaintiff argues that she can utilize Sparks in part because her blanket incorporation of other witnesses included Sparks, whose report Defendant has as a result of Vector, Ltd.'s disclosures. Plaintiff also directs the Court to the summary judgment briefing in which both Plaintiff and Defendant explicitly treated Sparks as Plaintiff's expert. Given the disclosure, the parties' course of conduct, the Court cannot say that, even assuming *arguendo* that Plaintiff violated Rule 26, the harmless violation presents any prejudice to Defendant. The Court **DENIES** the motion *in limine*. (ECF No. 214.)

### III. Conclusion

For the foregoing reasons, this Court **ORDERS** as follows:

(1) The Court **GRANTS** Plaintiff's motion *in limine* to preclude Jason Henthorn from testifying at trial (ECF No. 208);

(2) The Court **DENIES** Defendant's motion *in limine* to preclude Plaintiff from utilizing evidence not produced during discovery (ECF No. 209);

(3) The Court **GRANTS** Defendant's motion *in limine* to preclude Roger Griffith from testifying at trial (ECF No. 210); and

(4) The Court **DENIES** Defendant's motion *in limine* to preclude Jack W. Sparks from testifying at trial (ECF No. 214).

As with all *in limine* decisions, these rulings are subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

**IT IS SO ORDERED**.

      /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE